IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CODY ALLEN ARAIZA　　　　　　　*

　　Plaintiff,　　　　　　　　　　*

　　　　v.　　　　　　　　　　　*　　　　2:10-CV-196-ID
　　　　　　　　　　　　　　　　　　　　　　(WO)
SHERIFF BILL FRANKLIN, *et al*.,　*

　　Defendants.　　　　　　　　　*
_____

**O R D E R**

This matter is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). A thorough review of this complaint indicates that it contains claims that are not related to each other. That is, this action contains claims based on a dispute over conditions of confinement and a denial of due process associated with disciplinary proceedings and cell placement. Additionally, the matters about which Plaintiff complains occurred on three different occasions. The complaint also fails to identify factual allegations material to specific counts lodged against the named defendants with respect to any violations of Plaintiff's constitutional rights and merely contains general conclusions of constitutional violations.

"This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and

again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the court deems it appropriate to require Plaintiff to amend his complaint to re-plead a complaint that respects the requirements of Rule 8, F.R.Civ.P., and the heightened pleading requirement for such cases as well as to correct the deficiencies noted herein.

Accordingly, it is

ORDERED that on or before **March 24, 2010** Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). *The amended complaint filed in compliance with this order shall supersede the original complaint.* This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against those defendants named in the amended complaint filed in accordance with this order. That being said, the claims and/or defendants in the amended complaint should be less numerous than those contained in the original complaint due to the following pleading requirements. It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are related to the same incident or issue. Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs. Plaintiff must, therefore, decide on which claim he will proceed in this action.

It is further ORDERED that:

1. Plaintiff file an amended complaint containing one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts;

2. In that portion of the complaint form where Plaintiff must identify each individual that he seeks to name as a defendant, Plaintiff must provide facts to show that individual's participation or involvement in his claim and describe how said individual violated his constitutional rights. That is, Plaintiff must state what that individual defendant did or failed to do and what he or she knew; and

3. Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

Plaintiff is advised that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order. Furthermore, the failure to plead an amended complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to replead a complaint, will result in a Recommendation that the complaint be dismissed under F.R.Civ.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991).

The Clerk is DIRECTED to send Plaintiff a form for use in filing a complaint under

42 U.S.C. § 1983 to assist him in complying with the directives contained herein. Plaintiff should use the case number assigned to this case (Civil Action No. 2:10-CV-196-ID) when preparing his amended § 1983 complaint.

Done, this 10th day of March 2010.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE